RUST vs. REIVES.

In an action against the maker of a note payable at a particular place, it is not necessary to aver or prove a demand at that place.

Where the circuit court has ordered an execution, in an attachment case, this court will presume that the law providing that a bond be filed by the plaintiff has been complied with.

*Error to Drew Circuit Court.*

Hon. WILLIAM M. HARRISON, Circuit Judge.

GARLAND & NASH, for plaintiff in error.

The pleas set up that the instrument sued on being payable at a particular place, should have been presented at that place before suit brought, and that the declaration should so aver : and there is no doubt of the correctness of this. *Byles on Bills,* ( *3d Amer. Ed.*) 166–7–8; *Cohen vs. Hunt,* 1 *Sm. & Mar.,* 227.

The judgment rendered by the court cannot be sustained ; because execution was awarded on the judgment and the record does not show that a bond with good security was filed before this was done; and our statute is peremptory as to this. *Gould's Dig., p.* 176, *sec.* 41.

CLARK, WILLIAMS & MARTIN, contra.

In so far as the plaintiff attempts to set up that the note was payable at a particular place and had not been presented, it is defective and incomplete in failing to aver that money was ready at the place when the obligation fell due ; and even then would, like a plea of tender, only bar cost and interest. *Sumner vs. Ford,* 3 *Ark. Rep.,* 389.

Mr. Justice CLENDENIN delivered the opinion of the court.

James H. Reives commenced his suit in attachment, by petition and summons, against Albert Rust, in the circuit court of Drew county to the April term, 1866, upon the following instrument:

"$12,500.          Albemarle Co., Va., Sept. 20th, 1860.

" On demand I promise to pay to George Reives or order at the counting house of Stokes & Reives, in the city of Richmond, Va., twelve thousand five hundred dollars, with interest from date in payment for seventeen negroes which he has this day sold to me, the title to which he warrants, but makes no warrant as to health or constitution.   Witness my hand and seal.

A. RUST, [Seal.]"

On which instrument is the following assignment : " Oct. 20th,

1865. I assign the within bond to J. H. Reives, but without recourse. Signed                            GEO. REIVES."

The attachment was levied and personal service had on the defendant.   At the return term the defendant appeared and filed his prayer of oyer, which was granted by filing the original. The defendant then filed two pleas, the first of which, as appears by the amended transcript, was, on motion of the plaintiff, stricken out.   The second plea is as follows:

" Comes the said defendant by attorney and for a plea in this behalf says actio. non, because he says, that the said instrument sued on in the above mentioned cause, if executed at all, was executed to one George Reives of the state of Virginia in the year A. D., 1860, for the purchase of seventeen negroes, sold by the said George Reives to the defendant, which said negroes the said George Reives warranted to be slaves for life, upon which warranty said bond was executed, payable when the payment should be thereunto afterwards demanded, at the banking house of defendant's banker in the city of Richmond, Virginia, and said defendant avers that said bond was never presented and shown for payment by the said George Reives or any other person for him, at the counting house of defendant's bankers, nor at any other place was payment demanded of this defendant, and this defendant further avers that after the execution of said bond, and before payment thereof was demanded, said negroes were declared free by the president of the United States, to wit, on the      day of January, 1863, and by the laws of the United States, and by the laws of the several states on the 1st day of March, 1864, said negroes were emancipated, and taken from the possession of defendant, and to him rendered utterly valueless, by reason whereof said defendant says the consideration for which said bond was executed, if executed at all, has failed, and this he is ready to verify."

This plea was sworn to.   The plaintiff demurred to this plea, and the court sustained the demurrer; and the defendant saying nothing further, judgment was rendered for the debt and damages,

with interest, and that execution should issue against the lands attached, and from this judgment the defendant in the court below prosecutes his writ of error.

The only cause assigned for error is, that the circuit court erred in sustaining the demurrer. But our attention is drawn by the brief of the counsel of the plaintiff in error to the final judgment in the case ordering execution to be issued, which they insist is erroneous.

The plea attempts to set up two defences; the first, that no demand was made at the place where the bond was payable; the second, that the consideration of the note had failed in this, that the negroes for which the bond was given were declared free by the proclamation of the president of the United States, and were free by the laws of the United States before demand of payment was made.

We consider it to be well settled law that no demand against the maker of a note need be averred or proved. In 9th *Howard*, *U. S. R.*, 263, it is decided, that in an action against the maker of a note payable at a particular place, it is not necessary to aver or prove a demand at that place. And in 11th *Illinois*, 467, it is also so decided, and that the commencement of a suit is a sufficient demand of payment.

The second matter of defence made by the plea has been decided by this court at the present term in the case of *Grace vs. Dorris*, where a defence similar in its character to the one presented in this case, was held not to be a good defence.

In regard to the point made by the counsel in their brief, it is unquestionably the law in this state that no execution shall be awarded against any defendant or garnishee, nor shall any of the defendant's goods or property be sold, unless the plaintiff enter into bond, to be approved by the court, with conditions as prescribed by law. See *sec.* 41. *ch.* 17, *Dig. of Ark.* But we think that is a matter that addresses itself to the circuit court; and if the circuit court has ordered an execution, as the record shows us has been done in this case, we will presume that the law has been complied with.

Finding no error in the proceedings and judgment of the circuit court in this case, the judgment is affirmed.